UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSHUA RUELL YOE,

Plaintiff,

v.

LAS VEGAS METRO POLICE
DEPARTMENT VICE UNIT,

Defendant.

Case No. 2:24-cv-02425-GMN-EJY

**ORDER
AND
REPORT AND RECOMMENDATION**

## I.    Introduction

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP is complete and demonstrates an inability to pay the filing fee necessary to commence a civil matter in federal court. On this basis Plaintiff's IFP application is granted below and the Court proceeds with screening Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

## II.    Screening Standard

When screening Plaintiff's Complaint the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th

Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    Discussion**

A.    <u>Plaintiff's Complaint</u>.

Plaintiff's Complaint asserts various claims against the Las Vegas Metro Police Department Vice Unit ("LVMPD"). Plaintiff alleges that while in the Cosmopolitan Hotel & Casino in Las Vegas, Nevada, he approached a woman and introduced himself by his spiritual name "Supreme," told the woman about his business venture, and "blessed her with an opportunity to network with … [his] clothing brand." ECF No. 1-2 at 1. The woman, who was an undercover police officer,

recorded the conversation without telling Plaintiff she was doing so allegedly "with the intent to use the content as evidence in a criminal case." *Id*. Plaintiff claims the officer entrapped him by pretending to work for the Cosmopolitan and introducing "criminal activity into the conversation" in which he declined to participate. *Id*. at 2. Plaintiff says he is a man who likes women, and the undercover officer was an "attractive lady who pretended to show interest in … [him] as a friend." *Id*. Plaintiff claims LVMPD – the only defendant named in his suit – violated his First, Fourth, and Fifth Amendment rights. *Id*.

B.    The First Amendment.

To the extent Plaintiff attempts to state a violation of the religion clauses of the First Amendment, he fails to do so. This clause states "'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.'" *Espinoza v. Montana Dept. of Rev.*, 591 U.S. 464, 473 (2020). This includes not only government approval of religion, but its disapproval of or hostility toward religion. *American Family Association, Inc. v. City & Cty. of San Francisco*, 277 F.3d 1114, 1121 (9th Cir. 2002); *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011).

Here, Plaintiff asserts no facts indicating any law was enacted that approved or disapproved of any religion exercise or belief. Plaintiff alleges no facts indicating any action taken by LVMPD had anything to do with his religion or religious beliefs. In sum, there appears to be no connection between the facts alleged or conduct described and the free exercise of religion. Based on the allegations asserted and circumstances described by Plaintiff in his Complaint, the Court finds there is no set of facts Plaintiff can allege that would state a First Amendment Freedom of Religion clause violation and, on that basis, the Court recommends dismissal of this claim with prejudice.

Plaintiff also does not state a violation of the First Amendment freedom of speech. To state a claim that a government official violated a plaintiff's First Amendment right to freedom of speech, the plaintiff must allege that he or she was engaged in a constitutionally protected speech activity, LVMPD's conduct caused him or her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and that LVMPD's conduct was substantially motivated against the plaintiff's exercise of constitutionally protected conduct. *See e.g. Mendocino*

*Environmental Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999). Plaintiff is obligated to plead and then prove that LVMPD's actions would have chilled or silenced "a person of ordinary firmness from future First Amendment activities," not that his speech actually suppressed or inhibited. *White v. Lee*, 227 F.3d 1214, 1241 (9th Cir. 2000), *quoting Mendocino Environmental Center*, 192 F.3d at 1300.

Plaintiff asserts no constitutionally protected speech activity. As explained in *IDK, Inc. v. Clark Cnty.*, 836 F.2d 1185, 1193 (9th Cir. 1988), a relationship between a prostitute and a client does not qualify as a relationship protected by the First Amendment. Further, to the extent Plaintiff alleges he was arrested for speaking to the undercover law enforcement agent, his speech is not protected. *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 562-63 (1980). For commercial speech to receive First Amendment protection, however, it must: (1) concern lawful activity and not be misleading; (2) serve a substantial government interest; (3) directly advance the governmental interest asserted; and (4) be narrowly tailored. *Id.* at 566.

The allegations in Plaintiff's Complaint do not support a finding of protected commercial speech. Plaintiff concludes he spoke about his clothing brand but provides nothing more than this conclusory statement. Instead, the facts stated show Plaintiff spoke to an unidentified woman in the Cosmopolitan who was an uncover police officer, the conversation was recorded, and Plaintiff was arrested by Vice Officers following that conversation. The Court concludes these allegations are insufficient to establish protected commercial speech. Nonetheless, the Court grants Plaintiff one opportunity to amend is Complaint to potentially state a First Amendment claim based on commercial speech.

C.      Entrapment.

As explained in *Sanchez v. Washington*, Case No. 21-5915 RJB, 2022 WL 2106164, at *3 (W.D. Wash. June 10, 2022):

> The Ninth Circuit does not appear to have considered whether entrapment can support a due process claim under § 1983, but the Supreme Court indicated in *United States v. Russell* that it alone cannot. 411 U.S. 423 (1973). In *Russell*, the Court rejected a criminal defendant's argument that law enforcement officials violated his Constitutional rights by entrapping him and stated that "the Government's conduct here violated no independent

1
2
3
4
5
6
7

constitutional right of the [defendant]." *Id.* at 430. Other circuits have interpreted this to mean that a claim of entrapment cannot support a § 1983 claim. *See Stokes v. Gann*, 498 F.3d 483, 485 (5th Cir. 2007) (to the extent defendants' actions constituted entrapment under state law, they do not by themselves constitute a violation of a constitutional right); *Smith v. Lang*, 114 F.3d 1192 (7th Cir. 1997) (even if a plaintiff prevailed on an entrapment defense at a criminal trial, there is no constitutional violation for § 1983 purposes); *DiBlasio v. City of New York*, 102 F.3d 654 (2d Cir. 1996) (entrapment cannot be the basis for a § 1983 failure-to-train claim*); Giovanetti v. Tomasi*, 25 F.3d 1048 (6th Cir. 1994); *Stevenson v. Bales*, 986 F.2d 1429 (10th Cir. 1993) (no § 1983 claim because entrapment is not a constitutional violation).

8
9
10

Based on the above, the Court finds that to the extent Plaintiff seeks to assert a claim of entrapment he may not do so in his civil rights Complaint and, for this reason, the Court recommends this claim be dismissed with prejudice.

11

    D.    <u>Excessive Force</u>.

12
13
14
15
16
17
18
19

Plaintiff alleges that the police officers used excessive force in their effort to arrest him. While Plaintiff could potentially state this claim against the specific police officers involved, LVMPD cannot be held liable under *respondeat superior* for the alleged unconstitutional acts of individual law enforcement personnel. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Said simply, LVMPD may not be sued solely because an injury was inflicted by its officers. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support liability if the officers were acting pursuant to a policy or custom of the municipality. *Penbaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986).

20
21
22
23
24
25
26
27
28

More specifically, to state a claim under 42 U.S.C. § 1983 against the LVMPD, Plaintiff must allege a constitutional violation arising out of an official department policy or custom. *Monell*, 436 U.S. at 690; *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Clouthier*, 591 F.3d at 1249 (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed

the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).  Here, Plaintiff alludes to racial profiling; however, he offers no facts to support this claim as a policy or custom adopted by LVMPD.  There is nothing other than Plaintiff's bald use of the word "profiling" that supports his allegation.

Thus, under the circumstances, Plaintiff's excessive force claim fails.  However, Plaintiff is granted one opportunity to amend his Complaint to state an excessive force claim against LVMPD under *Monell* or identify specific officers who allegedly engaged in excessive force as defendants and allege sufficient facts to support that the force used, under the circumstances, was excessive.[1]

E.    Probable Cause.

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).  The probable cause inquiry takes into consideration the totality of the circumstances existing at the time of the arrest. *Id.  See also United States v. Ortiz-Hernandez*, 427 F.3d 567, 574 (9th Cir. 2005).

Here, Plaintiff does not sue, let alone identify, any individual officers who arrested him.  ECF No. 1-1, 1-2.  Instead, Plaintiff names only LVMPD as a Defendant without meeting the pleading requirements (discussed above) established by the Supreme Court in *Monell*.  Accordingly, the Court dismisses Plaintiff's Fourth Amendment claim asserting his arrest was made without probable cause, but grants Plaintiff one opportunity to amend this claim to satisfy the pleading requirements stated in *Monell* and/or name individual defendants who allegedly arrested him without probable cause.  Either or both claims must be supported by facts tying the wrongful conduct to the named defendant.

---

[1]    Plaintiff may want to consider that it is difficult to be successful on this claim because the court tends to give deference to police officers. *Graham v. Connor*, 490 U.S. 386, 395(1989) ("*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest … should be analyzed under the Fourth Amendment and its 'reasonableness' standard") (emphasis in original).  Police officers generally have discretion regarding arrests, and it is the court's job to determine whether the actions of the police officers were reasonable. *Id.*  Plaintiff would need to describe in detail the arrest because the facts that Plaintiff does allege do not describe excessive force.

1    F.    Plaintiff's Fifth Amendment Miranda Rights.

2        The Fifth Amendment guarantees that a criminal defendant may not "be compelled ... to be

3    a witness against himself." U.S. Const., 5th Amend. This right precludes prosecutors from using

4    "statements ... stemming from custodial interrogation of the defendant unless it demonstrates the use

5    of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v.*

6    *Arizona*, 384 U.S. 436, 444 (1966). Such procedural safeguards include, prior to any questioning, a

7    warning "that … [the person in custody] has a right to remain silent, that any statement he does make

8    may be used as evidence against him, and that he has a right to the presence of an attorney, either

9    retained or appointed." *Id.* "[T]he *Miranda* safeguards come into play whenever a person in custody

10   is subjected either to express questioning or its functional equivalent"; that is, "any words or actions

11   on the part of the police (other than those normally attendant to arrest and custody) that the police

12   should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode*

13   *Island v. Innis*, 446 U.S. 291, 300-301 (1980).

14       Applicable to the case at bar, "*Miranda* warnings are not required when the suspect is

15   unaware that he is speaking to a law enforcement officer and gives a voluntary statement." *Illinois*

16   *v. Perkins*, 496 U.S. 292, 294 (1990). "This is because *Miranda* warnings serve to dispel the coercive

17   effect of *police custodial* questioning. Both adjectives are crucial: *Miranda* does not apply to

18   noncustodial police interrogation or to nonpolice custodial interrogation." *People v. Williams*, 751

19   P.2d 901, 910 (Cal. 1988).

20       Plaintiff's Complaint identifies conversations made when speaking to an undercover Vice

21   Unit LVMPD officer before his arrest. Plaintiff states nothing to support the notion that he made

22   any statements when in custody or that he was ever interrogated by law enforcement at any time.

23   That he was being recorded when speaking with the undercover agent is not a bases upon which a

24   Fifth Amendment *Miranda* claim lies. *Perkins*, 496 U.S. at 294. Because Plaintiff's Complaint

25   alleges events related only to voluntary conversations pre-custody and pre-arrest, he fails to state

26   facts supporting a Fifth Amendment violation. Under the circumstances and facts alleged, the Court

27   recommends Plaintiff's Fifth Amendment claims be dismissed with prejudice because amendment

28   would be futile.

7

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's potential First Amendment claim based on commercial speech is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's potential Fourth Amendment claims asserting his arrest was without probable cause and with excessive force is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff is granted through and including **March 14, 2025** to file an amended complaint that cures the deficiencies identified in his First and Fourth Amendment claims.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and Defendant's conduct that constitutes a violation of Plaintiff's Fourth Amendment rights. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendant Las Vegas Metropolitan Police Department or any newly named defendant fair notice of Plaintiff's claims against them and Plaintiff's entitlement to relief.

IT IS FURTHER ORDERED that the Clerk of Court is to send Plaintiff the form civil rights complaint for a non-prisoner together with the instructions for completing the same.

IT IS FURTHER ORDERED that failure to timely comply with the terms and substance of this Order will result in a recommendation to dismiss Plaintiff's claims in their entirety.

**V.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claims potentially asserting violations of the First Amendment freedom of religion, freedom of speech, and/or freedom of association clauses be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claim of entrapment be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Fifth Amendment *Miranda* claim be dismissed with prejudice.

Dated this 11th day of February, 2025.


ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE


## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).