UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA RUELL YOE,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>LAS VEGAS METRO POLICE DEPARTMENT VICE UNIT,<br><br>　　　　　　　　Defendant. | Case No.: 2:24-cv-02425-GMN-EJY<br><br>**ORDER ADOPTING<br>REPORT AND RECOMMENDATION** |

　　　　Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 4), from United States Magistrate Judge Elayna J. Youchah recommending that Plaintiff's claims potentially asserting violations of the First Amendment freedom of religion, freedom of speech, and/or freedom of association clauses be dismissed with prejudice. (*See generally* Order & R&R, ECF No. 4). The R&R further recommends that Plaintiff's entrapment claims and Fifth Amendment *Miranda* claim be dismissed with prejudice. (*See id.*).

　　　　A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been

filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

No objections to the R&R were filed, and the deadline to do so has passed. (*See* R&R, ECF No. 4) (setting a February 25, 2025, deadline for objections). The case docket shows that mail being sent to Plaintiff, including a copy of the R&R, was being returned undeliverable but the Court finds good reason to believe that Plaintiff was aware of the docket filings and their substance. For instance, the Order & R&R, (ECF No. 4), ordered Plaintiff to file an Amended Complaint by March 14, 2025, which Plaintiff complied with. (*See* Am. Compl., ECF No. 7). Moreover, the Magistrate Judge ordered Plaintiff to update his address on the docket, an order that was also returned undelivered, and Plaintiff likewise complied with the order. (*See* Order, ECF No. 6).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 4), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's claims potentially asserting violations of the First Amendment freedom of religion, freedom of speech, and/or freedom of association clauses are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claims of entrapment are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Fifth Amendment *Miranda* claim is **DISMISSED with prejudice**.

Dated this __28__ day of March, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court